IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JANIE RODRIGUEZ ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, *Plaintiff* | § § § § § | JURY DEMANDED |
| V. | § § | CIVIL ACTION NO. 5:18-cv-1047 |
| SMILEY DENTAL MANAGEMENT COMPANY, LLC; SD-BRAUN, P.C.; SD-POTRANCO, P.C.; SD-DEZAVALA, P.C.; SD-ROOSEVELT, P.C.; SD-933SCHERTZ, P.C.; SD-4315FREDERICK, P.C.; LYNH PHAM; AND THANG "KIDO" PHAM *Defendants* | § § § § § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff JANIE RODRIGUEZ ("RODRIGUEZ"), on behalf of herself and all others similarly situated (collectively "Plaintiffs"), files this Original Complaint against Defendants SMILEY DENTAL MANAGEMENT COMPANY, LLC; SD-BRAUN, P.C.; SD-POTRANCO, P.C.; SD-DEZAVALA, P.C.; SD-ROOSEVELT, P.C.; SD-933SCHERTZ, P.C.; SD-4315FREDERICK, P.C.; LYNH PHAM, Individually; and THANG "KIDO" PHAM, Individually (collectively "Defendants") and would show the Court as follows:

**I. PRELIMINARY STATEMENT**

1.  This lawsuit seeks damages against Defendants for violations of the Fair Labor Standards Act ("FLSA"), as amended. RODRIGUEZ, on behalf of herself and all similarly situated employees, seeks to recover unpaid overtime, statutory liquidated damages, reasonably attorneys' fees and costs. See Exhibit 1 (Rodriguez's Consent to Join). Moreover, RODRIGUEZ seeks to certify this matter as a collective action under the FLSA.

## II. PARTIES

2. Plaintiff RODRIGUEZ is an individual residing in Atascosa County, Texas.

3. Defendant SMILEY DENTAL MANAGEMENT COMPANY, LLC ("MANAGEMENT COMPANY") is a Texas corporation. At all times during RODRIGUEZ'S and the similarly situated employees' employment, Defendant MANAGEMENT COMPANY was the employer and/or joint employer of RODRIGUEZ and the similarly situated employees as defined by 29 C.F.R. § 791.2. Defendant MANAGEMENT COMPANY can be served by serving its registered agent, Lynh T. Pham at 10901 S. Garland Road, Dallas, Texas 75218.

4. Defendant SD-BRAUN, P.C. ("BRAUN LOCATION") is a Texas corporation. Defendant SD-BRAUN, P.C.'s San Antonio address is 9820 Braun Road, Suite 101, San Antonio, Texas 78254. At all times during RODRIGUEZ'S and the similarly situated employees' employment, Defendant SD-BRAUN, P.C. was the employer and/or joint employer of RODRIGUEZ and the similarly situated employees as defined by 29 C.F.R. § 791.2. Defendant SD-BRAUN, P.C. can be served by serving its registered agent, Lynh Thy Pham at 10901 S. Garland Road, Dallas, Texas 75218.

5. Defendant SD-DEZAVALA, P.C. ("DEZAVALA LOCATION") is a Texas corporation. Defendant SD-DEZAVALA, P.C.'s San Antonio address is 4422 De Zavala Road, San Antonio, Texas 78249. At all times during RODRIGUEZ'S and the similarly situated employees' employment, Defendant SD-DEZAVALA, P.C. was the employer and/or joint employer of RODRIGUEZ and the similarly situated employees as defined by 29 C.F.R. § 791.2. Defendant SD-DEZAVALA, P.C. can be served by serving its registered agent, Lynh Thy Pham at 10901 S. Garland Road, Dallas, Texas 75218.

6. Defendant SD-ROOSEVELT, P.C. ("ROOSEVELT LOCATION") is a Texas corporation. Defendant SD-ROOSEVELT, P.C.'s San Antonio address is 3543 Roosevelt Avenue, San Antonio, Texas 78214. At all times during RODRIGUEZ'S and the similarly situated employees' employment, Defendant SD-ROOSEVELT, P.C. was the employer and/or joint employer of RODRIGUEZ and the similarly situated employees as defined by 29 C.F.R. § 791.2. Defendant SD-ROOSEVELT, P.C. can be served by serving its registered agent, Lynh Thy Pham at 10901 S. Garland Road, Dallas, Texas 75218.

7. Defendant SD-933SCHERTZ, P.C. ("SCHERTZ LOCATION") is a Texas corporation. Defendant SD-933SCHERTZ, P.C.'s San Antonio address is 933 FM 3009, San Antonio, Texas 78154. At all times during RODRIGUEZ'S and the similarly situated employees' employment, Defendant SD-933SCHERTZ, P.C. was the employer and/or joint employer of RODRIGUEZ and the similarly situated employees as defined by 29 C.F.R. § 791.2. Defendant SD-933SCHERTZ, P.C. can be served by serving its registered agent, Lynh Thy Pham at 10901 S. Garland Road, Dallas, Texas 75218.

8. Defendant SD-4315FREDERICK, P.C. ("FREDERICKSBURG LOCATION") is a Texas corporation. Defendant SD-4315FREDERICK, P.C.'s San Antonio address is 4522 Fredericksburg Road, Suite A 28, San Antonio, Texas 78201. At all times during RODRIGUEZ'S and the similarly situated employees' employment, Defendant SD-4315FREDERICK, P.C. was the employer and/or joint employer of RODRIGUEZ and the similarly situated employees as defined by 29 C.F.R. § 791.2. Defendant SD-4315FREDERICK, P.C. can be served by serving its registered agent, Lynh Thy Pham at 10901 S. Garland Road, Dallas, Texas 75218.

9. Defendant SD-POTRANCO, P.C. ("POTRANCO LOCATION") is a Texas corporation. Defendant SD-POTRANCO, P.C.'s San Antonio address is 9530 Potranco

Road, San Antonio, Texas 78251. At all times during RODRIGUEZ'S and the similarly situated employees' employment, Defendant SD-POTRANCO, P.C. was the employer and/or joint employer of RODRIGUEZ and the similarly situated employees as defined by 29 C.F.R. § 791.2. Defendant SD-POTRANCO, P.C. can be served by serving its registered agent, Lynh Thy Pham at 10901 S. Garland Road, Dallas, Texas 75218.

10. Defendant LYNH PHAM is an individual. Defendant LYNH PHAM can be served at 1525 Bent Creek Drive, Southlake, Texas 76092. At all times during RODRIGUEZ'S and the similarly situated employees' employment, Defendant LYNH PHAM was the employer and/or joint employer of RODRIGUEZ and the similarly situated employees as defined by 29 C.F.R. § 791.2.

11. Defendant THANG "KIDO" PHAM is an individual. Defendant THANG "KIDO" PHAM can be served at 10901 S. Garland Road, Dallas, Texas 75218. At all times during RODRIGUEZ'S and the similarly situated employees' employment, Defendant THANG "KIDO" PHAM was the employer and/or joint employer of RODRIGUEZ and the similarly situated employees as defined by 29 C.F.R. § 791.2.

### III. JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), which provides, "An action to recover liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of herself and themselves and other employees similarly situated." In addition, this Court has jurisdiction over the subject matter under 28 U.S.C. § 1331 because the claims arise under laws of the United States.

4

13. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## IV. FLSA COVERAGE

14. At all times pertinent to this Complaint, Defendants have acted, directly or indirectly, in the interest of an employer and/or joint employer with respect to RODRIGUEZ and the similarly situated employees.

15. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

16. At all times hereinafter mentioned, Defendants SMILEY DENTAL MANAGEMENT COMPANY, LLC; SD-BRAUN, P.C.; SD-POTRANCO, P.C.; SD-DEZAVALA, P.C.; SD-ROOSEVELT, P.C.; SD-933SCHERTZ, P.C.; and SD-4315FREDERICK, P.C. have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

17. At all times hereinafter mentioned, Defendants SMILEY DENTAL MANAGEMENT COMPANY, LLC; SD-BRAUN, P.C.; SD-POTRANCO, P.C.; SD-DEZAVALA, P.C.; SD-ROOSEVELT, P.C.; SD-933SCHERTZ, P.C.; and SD-4315FREDERICK, P.C. have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18.     At all times hereinafter mentioned, RODRIGUEZ and the similarly situated employees were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §206-207.

## V. FACTUAL ALLEGATIONS

19.     Defendants provide dental and orthodontic services to patients at Defendants' various locations.

20.     Defendant LYNH PHAM is the President and Officer of the following defendant entities: SMILEY DENTAL MANAGEMENT COMPANY, LLC; SD-BRAUN, P.C.; SD-POTRANCO, P.C.; SD-DEZAVALA, P.C.; SD-ROOSEVELT, P.C.; SD-933SCHERTZ, P.C.; and SD-4315FREDERICK, P.C. Defendant LYNH PHAM: (1) possessed the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of pay; and/or (4) maintained employment records.

21.     Defendant THANG "KIDO" PHAM is Owner/Manager of the following defendant entities: SMILEY DENTAL MANAGEMENT COMPANY, LLC; SD-BRAUN, P.C.; SD-POTRANCO, P.C.; SD-DEZAVALA, P.C.; SD-ROOSEVELT, P.C.; SD-933SCHERTZ, P.C.; and SD-4315FREDERICK, P.C. Defendant LYNH PHAM: (1) possessed the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of pay; and/or (4) maintained employment records.

22.     Defendants have employees in the following Texas cities: San Antonio, Dallas and Houston. According to Defendants' website, Defendants have seven (7) locations in San Antonio and approximately sixteen (16) locations in Dallas.

23. From approximately February 17, 2018 to approximately September 15, 2018, Defendants employed RODRIGUEZ as an hourly employee and allowed her to serve on a "traveling team," which allowed her to work at Defendants' various San Antonio locations including the BRAUN LOCATION, the POTRANCO LOCATION, the DEZAVALA LOCATION, the ROOSEVELT LOCATION, the SCHERTZ LOCATION and the FREDERICKSBURG LOCATION.

24. According to Human Resources employee Brenda Aguilar, all of the Dallas locations also utilize the same "traveling teams."

25. Defendants employ similarly situated employees as hourly employees assigned to a "traveling team" and those employees are permitted to work at Defendants' various locations within San Antonio or Dallas, respectively.

26. RODRIGUEZ and other similarly situated employees that were paid on an hourly based and permitted to work at various location performed job duties typically associated with non-exempt employees.

27. Defendants paid RODRIGUEZ and other similarly situated employees on an hourly basis.

28. When Rodriguez and the similarly situated employees work at Defendants' various locations, all of the employees' work hours each week at each location are not considered when the employee is paid. Instead, each location is treated as a separate employer and only the employees' work hours for the specific location are considered in determining how many hours the employee worked in a week. Therefore, said employees are paid one and one-half their regular hourly rate only if they work more than forty (40) hours a workweek at a distinct location. If they do not work more than forty (40) hours a workweek at one distinct location, they are paid only their regular

hourly rate for all hours worked. This pay policy applies to all employees paid on an hourly basis that are permitted to work at various locations.

29. For example, for the two-week pay period ending on April 14, 2018, RODRIGUEZ worked 60.70 hours at the BRAUN LOCATION, 22.38 hours at the DEZAVALA LOCATION, and 2.45 hours at the SCHERTZ LOCATION. Despite the fact that RODRIGUEZ worked more than forty (40) hours in a workweek, RODRIGUEZ was only paid her regular hourly rate for all hours worked and was not paid any overtime premium for any of her work.

30. RODRIGUEZ and other similarly situated employees worked more than forty (40) hours in at least one workweek during the three (3) years before this Complaint was filed.

31. On average, RODRIGUEZ and other similarly situated employees worked approximately 5-15 hours of overtime per workweek.

32. When RODRIGUEZ and other similarly situated employees worked more than forty (40) hours in a workweek, Defendants did not pay them one and one-half times their regular hourly rate for hours worked over forty (40).

33. Defendants' conduct as described herein was willful in that they either knew or showed reckless disregard as to whether their conduct violated the FLSA.

34. Defendants' conduct as described herein was not based in good faith and with a reasonable belief that it complied with the FLSA.

35. No justification or excuse existed for Defendants' practice of failing to compensate RODRIGUEZ and other similarly situated employees lawfully.

36. Defendants were aware that RODRIGUEZ and other similarly situated employees regularly worked in excess of forty (40) hours per workweek.

37. When RODRIGUEZ questioned Defendants' overtime payment and payment practices in approximately June 2018, District Manager Paula Jonson told RODRIGUEZ that Defendant THANG "KIDO" PHAM had informed her they were permitted to pay employees in that manner because they have separate tax identification numbers for each of their locations.

## VI. CAUSE OF ACTION: FLSA-OVERTIME WAGES

38. The preceding paragraphs are incorporated by reference herein for all purposes.

39. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and the supporting federal regulations, apply to Defendants and protect RODRIGUEZ and the putative class members.

40. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty (40) hours per week.

41. Throughout the relevant period, Defendants failed to pay RODRIGUEZ and other similarly situated employees wages at time-and-a-half for hours that they worked over forty (40) hours in a workweek.

42. Throughout the relevant period, Defendants expected and required RODRIGUEZ and the putative class members to be available to work more than forty (40) hours in a workweek.

43. As a result of Defendants' unlawful acts, RODRIGUEZ and the putative class members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

44.     Defendants' unlawful conduct has been willful and intentional. Defendants were aware or should have been aware that the practices described herein are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of RODRIGUEZ and the putative class members.

45.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### VII. COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)

46.     The preceding paragraphs are incorporated by reference herein for all purposes.

47.     Pursuant to Section 16(b) of the FLSA, RODRIGUEZ brings this Complaint as a collective action, on behalf of herself and all persons similarly situated who consent to join this litigation by filing a written consent with the Court and who also agree to be represented by RODRIGUEZ'S counsel, such persons making claims under the FLSA for the three years preceding the filing of this Complaint or the filing with the Court of each such person's written consent to join until entry of judgment after trial.

48.     Defendants have a common policy of allowing hourly employees to "travel" and work at their different locations; however, Defendants fail to count all of the hours worked at the separate locations when determining the total number of hours worked by each employee in the workweek. When the hourly employees work more than forty (40) hours in a workweek for Defendants, Defendants do not pay them time and one-half of their regular rate for all hours worked over forty in a workweek. Instead, Defendants pay them their regular rate of pay for each hour worked.

49.     Therefore, the Court should certify a collective action of all hourly employees permitted to work at more than one of Defendants' various locations; who were not compensated at time-and-a-half for hours that they worked over forty (40) hours in a workweek; and that worked at any time during the three years preceding the filing of this Original Complaint.

50.     RODRIGUEZ is informed and believes, and based thereon, alleges that there are other FLSA class members who could "opt-in" to this class.

51.     Additionally, the actual number of FLSA class members is readily ascertainable by a review of Defendants' records through appropriate discovery, and RODRIGUEZ proposes to take proceedings in this action to have such persons notified of this litigation and given an opportunity to file written consents to join this litigation.

## VIII. JURY TRIAL DEMAND

52.     RODRIGUEZ, on behalf of herself and members of the putative class, demand a jury trial on all issues so triable.

## IX. PRAYER

53.     RODRIGUEZ, on behalf of herself and all similarly situated employees, respectfully requests that the Court certify this case as a collective action under the Fair Labor Standards Act and order court-supervised notice to the class and further demands judgment against Defendants for the following:

(a)     actual damages for unpaid overtime wages under the FLSA;

(b)     liquidated damages as provided by the FLSA;

(c)     reasonable attorney's fees under the FLSA;

(d)     pre-judgment and post-judgment interest as provided by law;

(e)     all costs of court; and

(f) any other relief to which RODRIGUEZ and the members of the putative class may be entitled, whether in law or equity.

          Respectfully submitted,

          **THE MORALES FIRM, P.C.**
          6243 IH-10 West, Suite 132
          San Antonio, Texas 78201
          Phone: 210.225.0811 Fax: 210.225.0821

          BY: /S/ Melissa Morales Fletcher
          Melissa Morales Fletcher, *Of Counsel*
          ATTORNEY-IN-CHARGE
          State Bar No. 24007702
          Email:Melissa@themoralesfirm.com
          Allison S. Hartry
          State Bar No. 24083149
          Email: ahartry@themoralesfirm.com

          **ATTORNEYS FOR PLAINTIFF**