IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JANIE RODRIGUEZ, § <br> on behalf of herself and § <br> all others similarly situated, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> SMILEY DENTAL MANAGEMENT § <br> COMPANY, LLC; SD-BRAUN, P.C.; § <br> SD-POTRANCO, P.C.; SD-DEZAVALA, § <br> P.C.; SD-ROOSEVELT, P.C.; § <br> SD-933SCHERTZ, P.C.; § <br> SD-4315FREDERICK, P.C.; LYNH § <br> PHAM; and THANG "KIDO" PHAM, § <br> § <br> Defendants. § | JURY DEMANDED <br><br> Civil Action No. 5:18-cv-1047 |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

COME NOW Defendants Smiley Dental Management Company, LLC ("SD Management"); SD-Braun, P.C. ("SD Braun"); SD-Potranco, P.C. ("SD Potranco"); SD-DeZavala, P.C. ("SD DeZavala"); SD-Roosevelt, P.C. ("SD Roosevelt"); SD-933Schertz ("SD Schertz"); SD-4315Frederick, P.C. ("SD Frederick"); Lynh Pham ("L. Pham"); and Thang "Kido" Pham ("K. Pham") (collectively, "Defendants") and file this their Original Answer and Affirmative Defenses to Plaintiff Janie Rodriguez's ("Plaintiff") Original Complaint ("Complaint"), and would respectfully show the Court as follows:

I.
ANSWER

1.  Regarding paragraph 1 of the Complaint, Defendants admit that this lawsuit seeks to recover damages, including alleged unpaid overtime, statutory liquidated damages, and

reasonable attorneys' fees and costs, under the Fair Labor Standards Act, as amended ("FLSA"), but Defendants deny that they violated the FLSA and deny that Plaintiff or any others are entitled to any of the damages sought.  Defendants admit that Plaintiff is seeking to certify this lawsuit as a collective action under the FLSA, but Defendants deny that it should be so certified and deny that they employ(ed) anyone similarly situated to Plaintiff.  Any remaining allegations in this paragraph are denied.

2. Regarding paragraph 2 of the Complaint, Defendants admit that Plaintiff is an individual, but Defendants lack sufficient information to admit or deny the remainder of this paragraph.

3. Regarding paragraph 3 of the Complaint, Defendants admit that SD Management is a Texas limited liability company.  Defendants admit that SD Management agreed to waive service of process.  All remaining allegations in this paragraph are denied.

4. Regarding paragraph 4 of the Complaint, Defendants admit that SD Braun is a Texas professional corporation.  Defendants admit that SD Braun operates a dental office located at 9820 Braun Road, Suite 101, San Antonio, TX  78254, which formerly employed Plaintiff.  Defendants admit that SD Braun agreed to waive service of process.  All remaining allegations in this paragraph are denied.

5. Regarding paragraph 5 of the Complaint, Defendants admit that SD DeZavala is a Texas professional corporation.  Defendants admit that SD DeZavala operates a dental office located at 4422 DeZavala Road, San Antonio, TX  78249, which formerly employed Plaintiff.  Defendants admit that SD DeZavala agreed to waive service of process.  All remaining allegations in this paragraph are denied.

6. Regarding paragraph 6 of the Complaint, Defendants admit that SD Roosevelt is a Texas professional corporation. Defendants admit that SD Roosevelt operates a dental office located at 3543 Roosevelt Avenue, San Antonio, TX 78214, which formerly employed Plaintiff. Defendants admit that SD Roosevelt agreed to waive service of process. All remaining allegations in this paragraph are denied.

7. Regarding paragraph 7 of the Complaint, Defendants admit that SD Schertz is a Texas professional corporation. Defendants admit that SD Schertz operates a dental office located at 933 FM 3009, Schertz, TX 78154, which formerly employed Plaintiff. Defendants admit that SD Schertz agreed to waive service of process. All remaining allegations in this paragraph are denied.

8. Regarding paragraph 8 of the Complaint, Defendants admit that SD Frederick is a Texas professional corporation. Defendants admit that SD Frederick operates a dental office located at 4522 Fredericksburg Road, Suite A 28, San Antonio, TX 78201, which formerly employed Plaintiff. Defendants admit that SD Frederick agreed to waive service of process. All remaining allegations in this paragraph are denied.

9. Regarding paragraph 9 of the Complaint, Defendants admit that SD Potranco is a Texas professional corporation. Defendants admit that SD Potranco operates a dental office located at 9530 Potranco Road, San Antonio, TX 78251, which formerly employed Plaintiff. Defendants admit that SD Potranco agreed to waive service of process. All remaining allegations in this paragraph are denied.

10. Regarding paragraph 10 of the Complaint, Defendants admit that L. Pham is an individual residing in Texas. Defendants admit that L. Pham agreed to waive service of process. All remaining allegations in this paragraph are denied.

11. Regarding paragraph 11 of the Complaint, Defendants admit that K. Pham is an individual residing in Texas. Defendants admit that K. Pham agreed to waive service of process. All remaining allegations in this paragraph are denied.

12. Regarding paragraph 12 of the Complaint, Defendants admit that this Court has original jurisdiction over this cause.

13. Regarding paragraph 13 of the Complaint, Defendants admit that venue is proper in San Antonio, Bexar County, Texas.

14. Regarding paragraph 14 of the Complaint, Defendants admit that SD Braun, SD Potranco, SD DeZavala, SD Roosevelt, SD Schertz, and SD Frederick each separately (not jointly) formerly employed Plaintiff. Defendants deny that the remaining Defendants ever employed Plaintiff. Defendants deny that they are/were a joint employer with respect to Plaintiff or any others. Defendants deny that they employ(ed) anyone similarly situated to Plaintiff. Any remaining allegations in this paragraph are denied.

15. Regarding paragraph 15 of the Complaint, Defendants admit that SD Management, SD Braun, SD Potranco, SD DeZavala, SD Roosevelt, SD Schertz, and SD Frederick is each a separate (not joint) employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendants deny that L. Pham and K. Pham are employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). Any remaining allegations in this paragraph are denied.

16. Regarding paragraph 16 of the Complaint, Defendants admit that SD Management, SD Braun, SD Potranco, SD DeZavala, SD Roosevelt, SD Schertz, and SD Frederick is each a separate enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).  Any remaining allegations in this paragraph are denied.

17. Regarding paragraph 17 of the Complaint, Defendants admit that SD Management, SD Braun, SD Potranco, SD DeZavala, SD Roosevelt, SD Schertz, and SD Frederick is each separately engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).  Any remaining allegations in this paragraph are denied.

18. Regarding paragraph 18 of the Complaint, Defendants admit that Plaintiff was engaged in commerce as required by 29 U.S.C. § 206-207.  Defendants deny the remaining allegations in this paragraph.

19. Regarding paragraph 19 of the Complaint, Defendants admit that SD Braun, SD Potranco, SD DeZavala, SD Roosevelt, SD Schertz, and SD Frederick each provides dental and/or orthodontic services at separately organized and operated locations.  Defendants deny the remaining allegations in this paragraph.

20. Regarding paragraph 20 of the Complaint, Defendants admit that L. Pham is a Director and Manager of SD Management, and the President and a Director of SD Braun, SD Potranco, SD DeZavala, SD Roosevelt, SD Schertz, and SD Frederick.  Defendants admit that L. Pham possesses the power to hire and fire employees from these entities, although she did not exercise either power with regard to Plaintiff.  Defendants deny that L. Pham supervised and controlled Plaintiff's schedule or conditions of employment, determined Plaintiff's rate or

method of pay, and maintained Plaintiff's employment records. Any remaining allegations in this paragraph are denied.

21. Regarding paragraph 21 of the Complaint, Defendants admit that K. Pham has an ownership interest in SD Braun, SD Potranco, SD DeZavala, SD Roosevelt, SD Schertz, and SD Frederick. Defendants admit that K. Pham possesses the power to hire and fire employees from these entities, although he did not exercise either power with regard to Plaintiff. Defendants deny that K. Pham supervised and controlled Plaintiff's schedule or conditions of employment, determined Plaintiff's rate or method of pay, and maintained Plaintiff's employment records. Any remaining allegations in this paragraph are denied.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Regarding paragraph 26 of the Complaint, Defendants admit that SD Braun, SD Potranco, SD DeZavala, SD Roosevelt, SD Schertz, and SD Frederick each classified Plaintiff as non-exempt. All remaining allegations in this paragraph are denied.

27. Regarding paragraph 27 of the Complaint, Defendants admit that SD Braun, SD Potranco, SD DeZavala, SD Roosevelt, SD Schertz, and SD Frederick each paid Plaintiff on an hourly basis. All remaining allegations in this paragraph are denied.

28. Regarding paragraph 28 of the Complaint, Defendants admit that each is treated as a separate employer because they are separate, not joint. Defendants admit that when (if) Plaintiff worked more than 40 hours in a workweek for a separate employer, then she was

properly paid one and one-half times her regular hourly rate of pay. Defendants admit that all non-exempt hourly employees were also paid in this manner. Defendants deny that they employ(ed) anyone similarly situated to Plaintiff. All remaining allegations in this paragraph are denied.

29.     Regarding paragraph 29 of the Complaint, Defendants deny that Plaintiff worked more than 40 hours for any separate employer during the workweeks April 1-7, 2018 and April 8-14, 2018. As such, Defendants deny that Plaintiff was owed any overtime for these workweeks. Any remaining allegations in this paragraph are denied.

30.     Regarding paragraph 30 of the Complaint, Defendants admit that Plaintiff worked 4.72 hours of overtime for SD Braun in one workweek and that she was properly paid one and one-half times her regular hourly rate of pay for those hours. Defendants deny that Plaintiff worked any overtime hours for any of the other Defendants. Defendants deny that they employ(ed) anyone similarly situated to Plaintiff. Any remaining allegations in this paragraph are denied.

31.     Defendants deny the allegations in paragraph 31 of the Complaint.

32.     Defendants deny the allegations in paragraph 32 of the Complaint.

33.     Defendants deny the allegations in paragraph 33 of the Complaint.

34.     Defendants deny the allegations in paragraph 34 of the Complaint.

35.     Defendants deny the allegations in paragraph 35 of the Complaint.

36.     Defendants deny the allegations in paragraph 36 of the Complaint.

37.     Upon information and belief, the allegations in paragraph 37 of the Complaint are denied.

38.	To the extent a response is required, Defendants deny the allegations in paragraph 38 of the Complaint.

39.	Defendants deny the allegations in paragraph 39 of the Complaint.

40.	Regarding paragraph 40 of the Complaint, the law speaks for itself.  Any remaining allegations in this paragraph are denied.

41.	Defendants deny the allegations in paragraph 41 of the Complaint.

42.	Defendants deny the allegations in paragraph 42 of the Complaint.

43.	Defendants deny the allegations in paragraph 43 of the Complaint.

44.	Defendants deny the allegations in paragraph 44 of the Complaint.

45.	Defendants deny the allegations in paragraph 45 of the Complaint.

46.	To the extent a response is required, Defendants deny the allegations in paragraph 46 of the Complaint.

47.	Regarding paragraph 47 of the Complaint, Defendants admit that Plaintiff is seeking to certify this lawsuit as a collective action, admit that Plaintiff is pursuing a claim(s) under the FLSA, and admit that Plaintiff alleges that a three-year statute of limitations should apply.  Defendants deny that they employ(ed) anyone similarly situated to Plaintiff, deny that they violated the FLSA, and deny that a three-year statute of limitations should apply.  Any remaining allegations in this paragraph are denied.

48.	Defendants deny the allegations in paragraph 48 of the Complaint.

49.	Defendants deny the allegations in paragraph 49 of the Complaint.

50.	Defendants deny the allegations in paragraph 50 of the Complaint.

51.     Regarding paragraph 51 of the Complaint, Defendants deny that there are any appropriate FLSA class members.  Defendants admit that they are able to ascertain the number of employees that SD Management, SD Braun, SD Potranco, SD DeZavala, SD Roosevelt, SD Schertz, and SD Frederick each separately employs/employed during the relevant time period.  Defendants admit that Plaintiff desires to notify other former and current employees of this litigation so that they may have the opportunity to opt-in; however, Defendants deny that doing so would be proper.  Any remaining allegations in this paragraph are denied.

52.     Regarding paragraph 52 of the Complaint, Defendants admit that Plaintiff has demanded a jury trial.  All remaining allegations in this paragraph are denied.

53.     Regarding paragraph 53 of the Complaint, Defendants deny that Plaintiff is entitled to any of the relief requested.

## II.
## AFFIRMATIVE DEFENSES

1.     Plaintiff and all unnamed others have been paid any/all compensation that they were lawfully due from Defendants.

2.     Although Defendants deny all allegations of unlawful conduct in the Complaint, if the fact-finder disagrees, Defendants' actions with regard to Plaintiff and all unnamed others were taken in good faith, and Defendants had reasonable grounds for believing they were complying with the FLSA.

3.     Plaintiff's and all unnamed others' attempt to recover overtime wages dating back more than two years prior to filing of the Complaint is barred by the applicable two-year statute of limitations.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff and all unnamed others take nothing by the Complaint, and that Defendants be granted such other and further relief, both general and special, at law and in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

GRAY REED & McGRAW LLP

By:   */s/ Ruth Ann Daniels*
Ruth Ann Daniels
*Attorney-in-charge*
State Bar No. 15109200
E-Mail:  rdaniels@grayreed.com

Amanda M. Inabnett
State Bar No. 24012883
E-Mail:  ainabnett@grayreed.com

1601 Elm Street, Suite 4600
Dallas, Texas  75201
(214) 954-4135
Fax:  (214) 953-1332
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of December 2018, a true and correct copy of the foregoing document was sent to Plaintiff's counsel of record, listed below, via the Court's ECF system:

Melissa Morales Fletcher
Allison S. Hartry
The Morales Firm, P.C.
6243 IH-10 West, Suite 132
San Antonio, TX  78201

*/s/ Ruth Ann Daniels*
Ruth Ann Daniels